DKC 14 CV 1410

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| DARRYL ANGELO SMITH ) | DKC 14 CV 1410 |
| ) | |
| Plaintiff, ) | DKC 14 CV 1410 |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| DUVERA BILLING SERVICES, LLC ) | |
| ) | FILED____ ENTERED |
| Defendant, ) | LODGED____ RECEIVED |
| ) | |
| ENHANCED RECOVERY CORPORATION ) | APR 25 2014 |
| ) | |
| Defendant, ) | AT GREENBELT |
| ) | CLERK U.S. DISTRICT COURT |
| ENHANCED RECOVERY COMPANY, LLC ) | DISTRICT OF MARYLAND |
| ) | BY_____ DEPUTY |
| Defendant, ) | |
| ) | |
| ESCALLATE, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Darryl Angelo Smith, (hereafter the "Plaintiff") and for his complaint against the Defendants Duvera Billing Services, LLC("Duvera"), Enhanced Recovery Corporation ("ERC"), Enhanced Recovery Company, LLC ("ERC") and Escallate, LLC ("Escallate"), alleges as follows:

## JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. SI692k(d), 15 U.S.C. §1681(p) and 28 U.S.C. §1331. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

1

## PRELIMINARY STATEMENT

2. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*, Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Maryland Consumer Protection Act, Md. Code §13-101 *et seq*. (MCPA) and the Maryland Consumer Debt Collection Act, Md. Code §14-201 *et seq*. (MCDCA).

## PARTIES

3. The plaintiff is a natural person and resides in Hyattsville, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c), the FDCPA, 15 U.S.C. §1692a(3) and a "person" as defined by MCDCA, Md. Code. §14-201(d).

4. Each Defendant is licensed as a collection agency with the State of Maryland Department of Labor, Licensing and Regulation ("DLLR").

5. Each Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6).

6. Each Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that each Defendant regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## FACTS

7. On or about January 13, 2014 Mr. Smith discovered that the Defendants were reporting collection accounts on his credit reports.

8. None of the Defendants provided Mr. Smith with prior notice that they were attempting to collect a debt from him.

9. Defendant Duvera purports to be collecting a debt deriving from AARON RENTS in the amount of $530.

10. Mr. Smith does not owe $530 to either Aaron Rents or Duvera.

11. Upon information and belief, Duvera does not have any legal right to collect any debt arising from a transaction between Mr. Smith and Aaron Rents. Recently, Mr. Smith sent Duvera a letter requesting proof that he owed the debt and proof that Duvera owned or was assigned the debt. Duvera was unable to provide anything to support its claim of a right to collect this alleged debt from Mr. Smith.

12. Defendant ERC purports to be collecting a debt deriving from SPRINT in the amount of $263.

13. Mr. Smith does not have an outstanding debt with SPRINT, much less a debt in the amount of $263.

14. Upon information and belief, ERC does not have any legal right to collect any debt arising from a transaction between Mr. Smith and SPRINT. Recently, Mr. Smith sent ERC a letter requesting proof that he owed the debt and proof that ERC owned or was assigned the debt. ERC was unable to provide anything to support its claim of a right to collect this alleged debt from Mr. Smith.

15. Defendant Escallate purports to be collecting a debt deriving from MINI U Storage in the amount of $311.

16. Mr. Smith disputes that he owed MINI U Storage any money.

17. Mr. Smith disputed the ERC and Duvera accounts with the credit reporting agencies. Upon information and belief, the credit reporting agencies forwarded Mr. Smith's

dispute(s) to ERC and Duvera where both defendants failed to perform a reasonable investigation of Mr. Smith's dispute(s).

## COUNT ONE: VIOLATIONS OF FDCPA

18. Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. Defendants violated 15 U.S.C. §§1692e(8)&(10) by deceptively reporting false information to the credit bureaus as a pressure tactic to force Plaintiff into paying illegitimate debts.

20. Defendants violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff with written notice of the debt within five days of reporting the debt to the credit reporting agencies.

21. As a result of Defendants' foregoing acts and omissions, the Plaintiff suffered actual damages, such as out-of-pocket expenses, emotional and mental distress.

22. Defendants' conduct were the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT ONE: VIOLATIONS OF FCRA

23. Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

24. Defendants Duvera and ERC violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's dispute(s).

25. The Plaintiff has suffered anxiety and frustration as result of the Defendants failure to reasonably investigate Plaintiff's credit disputes.

26. The Defendants acted willfully and are thus liable for punitive damages pursuant to 15 U.S.C. §1681n. In the alternative, the credit bureaus were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

27. Additionally, the Plaintiff is entitled to statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATIONS OF MCDCA

28. Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

29. Defendants violated the MCDCA, §14-202(3) by disclosing derogatory information to a credit reporting agency that negatively affected Plaintiff's credit worthiness.

30. At the time the Defendants disclosed the derogatory information to the credit bureaus they knew the Plaintiff did not owe a debt to them.

31. As a result of the Defendants' false reporting the Plaintiff suffered actual damages, such as out-of-pocket expenses, emotional and mental distress.

32. Defendants' conduct were the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to MCDCA, §14-203.

### COUNT FOUR: VIOLATIONS OF MCPA

33. Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

34. Defendants violation of MCDCA §14-202(3) also constitute a violation of MCPA, §13-301(14)(iii).

35.     As a result of the Defendants' false reporting the Plaintiff suffered actual damages, such as out-of-pocket expenses, emotional and mental distress.

36.     Defendants' conduct were the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to MCPA, §13-408(a) and for attorney's fees pursuant to MCPA, §13-408(b).

WHEREFORE, the Plaintiff demands judgment for actual, statutory and punitive damages against Defendants in the amount of $25,000; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY DEMANDED.**

DARRYL ANGELO SMITH

By _/s/ Darryl A. Smith_
Darryl Angelo Smith, *Pro Se*
1303 Legation Road
Hyattsville, Maryland 20785
(202) 439-1799